IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA WARD COOPER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1330-N-BK |
| | § | |
| CITY OF DALLAS, TEXAS and | § | |
| KIMBERLY OWENS, individually and | § | |
| in her official capacity, | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION**

This case has been referred to the undersigned for pretrial management. Now before the Court is Plaintiff Teresa Ward Cooper's *Motion to Remand.* (Doc. 7). It is recommended that the motion be **DENIED**.

**I. PROCEDURAL HISTORY**

The underlying facts of this case concern an employment dispute between Plaintiff, a former police officer, and her former employer, the City of Dallas, and Dallas Police Lieutenant Kimberly Owens (collectively, "Defendants"). (Doc. 1 at 14). In effort to appeal an employment decision by a City of Dallas Administrative Law Judge, on February 25, 2013, Plaintiff filed a *pro se* petition in state court which, when liberally construed, alleges (1) wrongful termination and denial of her salary and benefits, (2) unlawful deprivation of her property rights, (3) fraud, (4) libel, (5) slander, (6) violation of 42 U.S.C. § 1983, (7) violations of the Fair Labor Standards Act ("FLSA"), (8) violation of the Health Insurance Portability and Accountability Act ("HIPPA"), and (9) violation of her due process rights during an administrative law judge proceeding. (Doc. 1 at 14-19). On April 1, 2013, Defendants removed the case to this Court on the basis of federal question jurisdiction. (Doc. 1 at 1-3).

Plaintiff filed her *Motion to Remand* on April 5, 2013, arguing that the case is not removable because the state district court has exclusive and mandatory jurisdiction over Plaintiff's request for judicial review of an administrative decision. (Doc. 7 at 1). In the alternative, Plaintiff requests the Court to "sever and remand non-removable and related state law claims" to state court. *Id*. at 2. Plaintiff also alleges that the misspelling of her name and the listing of Defendants as "Respondents" in state court and "Defendants" in federal court are procedural defects warranting remand.[1] *Id*.

Defendants, citing 28 U.S.C. § 1367(a), argue that federal law provides that when a case has both state and federal law claims, federal courts may exercise supplemental jurisdiction over the state law claims. (Doc. 9 at 2). Defendants insist that Plaintiff unambiguously pleads a violation of 42 U.S.C. § 1983, which is a federal civil rights claim. *Id*. at 3.

## II. APPLICABLE LAW

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a) and (b). Suits arising under federal law are removable without regard to the citizenship of the parties. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 375 (5th Cir. 2006) (quoting 28 U.S.C. § 1441(b)). A federal question arises if a substantial, disputed question of federal law is presented on the face of a plaintiff's "well-pleaded complaint." *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Where the state court action also includes state claims that have not been made nonremovable by statute, the entire action, including the state claims, may be removed to federal court. 28 U.S.C. § 1441(c)(1). However, when a nonremovable state claim is removed, a court is required to sever the claim and remand it to state court. *Id*.; *see also* 28 U.S.C. § 1367

---

[1] Plaintiff's reply reiterates the arguments presented in her motion. (Doc. 10).

(providing that federal courts have supplemental jurisdiction over state-law claims which are not otherwise within the court's jurisdiction, but the court can decline to exercise such jurisdiction if the state claims substantially predominate over the federal claims).  Removal statutes are strictly construed in favor of remand and against removal.  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

### III. ANALYSIS

Here, removal is appropriate because Plaintiff's complaint raises questions of federal law, specifically violations of 42 U.S.C. § 1983, FLSA, and HIPPA.  (Doc. 1 at 14-19).  Plaintiff concedes as much, but asserts that remand is nevertheless appropriate because her complaint includes an appeal from an administrative decision of the City of Dallas Civil Service Commission, and her federal claims are incidental to her state law claims.  However, the City of Dallas Code does not provide that state district courts have "mandatory jurisdiction" over a plaintiff's complaint that includes an appeal when it also contains questions of federal law or that such an action is nonremovable.[2]  *See, e.g., Hobbs v. City of Dallas*, 3:06-CV-2106-K, 2007 WL

---

[2] The section Plaintiff relies on, Dallas City Code § 34-40(f)(2), states:

   (2) Appeals to state district court.

   (A) Either party may appeal the order of the trial board or administrative judge to the state court within one year after
      (i) the date on the last written order, if no rehearing is requested;
      (ii) the date of the written order denying the rehearing, if a rehearing is requested and denied; or
      (iii) the date on the written order issued after the rehearing, if a rehearing is requested and granted.

   (B) The appeal to the district court must be decided upon review of the record of the     hearing.

   (C) An appeal by the city must be approved by the city manager and the city attorney.

846519, at *1-2 (N.D. Tex. Mar. 20, 2007) (Kinkade, J.) (considering an appeal of an employment decision by a City of Dallas Administrative Law Judge that was removed from state district court and holding that because there is no indication in the Dallas City Code, an administrative law judge is not required to be named as a party-defendant.). Rather, as Defendant notes, a federal court may exercise supplemental jurisdiction over a plaintiff's state law claims when (1) federal question jurisdiction is proper, and (2) the state-law claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367; *see also Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012). In determining whether to relinquish jurisdiction over a supplemental state law claim, the Court must look to the statutory factors set forth by 28 U.S.C. § 1367(c), as well as the common law factors of judicial economy, convenience, fairness, and comity. *Enochs v. Lampasas County*, 641 F.3d 155, 158-59 (5th Cir. 2011). The statutory factors are (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

In the case *sub judice*, there are no state claims that raise novel or complex issues of state law. Plaintiff's state law claims involve (1) wrongful termination and denial of her salary and

---

> (D) The appealing party shall, at its expense, furnish the court a copy of the complete hearing record presented to the trial board or the administrative law judge, including but not limited to pleadings, hearing transcripts, exhibits, orders, and all evidence admitted during the hearing.
>
> (E) If the appealing party fails to provide the court with any material required by Paragraph (2)(D) of this subsection, the appeal must be dismissed.

(Doc. 11 at 8-9).

benefits, (2) unlawful deprivation of her property rights, (3) due process violation[3] (3) fraud, (4) libel, and (5) slander -- all relatively simple issues of state law.  Additionally, it does not appear that her state law claims dominate over her federal law claims, especially considering that all of the claims appear to be interrelated.  *See Sturgeon v. Jackson*, 2011 WL 3678472, at *7 (W.D. Tex. 2011) (retaining jurisdiction over state employment discrimination claim where the complaint also raised a federally-based claim where the events underlying the claims were interrelated and it was "difficult to determine" which claim predominated).  Obviously, Plaintiffs' federal claims have not been dismissed.  The fourth factor, which addresses exceptional circumstances or compelling reasons for remand, is the one factor that slightly weighs in favor of remand, considering the complaint purports to include the appeal of a City of Dallas administrative judge decision.

    As to the common law factors, the first, judicial economy, appears to be neutral because this case is still in its early stage and there has been no expenditure of substantial state or federal resources.  The second factor, convenience, is also in equipoise, as the state court and this Court are both located in Dallas.  *Id.* at 160.  Third, there is nothing to indicate that either party will be prejudiced by remand or the Court retaining jurisdiction, therefore, the fairness factor is also neutral.

    Last, the "important interests of federalism and comity" must be respected by federal courts, which are courts of limited jurisdiction and "not as well equipped for determinations of state law as are state courts."  *Enochs*, 641 F.3d 155 at 160 (citing *Parker & Parsley*, 972 F.2d at 588-89).  However, this case, unlike *Enochs* and *Parker & Parsley*, includes at least three federal

---

[3] It is unclear whether Plaintiff's due process claim arises under the Texas Constitution or the U.S. Constitution.

claims that have not yet been dismissed or resolved. Further, as previously stated, the state claims in this case are not substantially complex as to warrant remand.

The statutory factors set forth in 28 U.S.C. § 1367(c), as well as the common law factors, weigh in favor of the case remaining in federal court. Plaintiff's claims that arise under federal law are substantially related and connected to her underlying employment dispute, and derive from the same operative facts as her state law claims. Based on the foregoing, it is recommended that Plaintiff's *Motion to Remand* (Doc. 7) be **DENIED**.

**SO RECOMMENDED** on August 7, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE