IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA WARD COOPER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1330-N-BK |
| | § | |
| CITY OF DALLAS and | § | |
| KIMBERLY OWENS, individually and | § | |
| in her official capacity, | § | |
|     Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Before the Court is Defendants' *Motion for Summary Judgment* [Doc. 34]. After reviewing the relevant pleadings and applicable law, the Court recommends that Defendants' motion for summary judgment be **GRANTED** in part.

### I. BACKGROUND

Plaintiff was employed as a Dallas police officer from April 1988 to August 2005. Doc. 37-32 at 1. In October 2002, after Plaintiff registered more than 20 grievances of discrimination and was reassigned twice, she was diagnosed with a generalized anxiety disorder and placed on approved leave without pay until April 6, 2003. Doc. 37-32 at 2. When Plaintiff failed to return after that date, the City terminated her employment in a letter dated May 16, 2003. Doc. 37-32 at 2. Plaintiff appealed her termination, and following a two-day hearing, the administrative law judge found that her termination proceedings had been procedurally defective and ordered her reinstated without back pays or benefits. Doc. 37-32 at 2. However, Plaintiff remained absent from work under the care of her psychologist. Doc. 37-32 at 3.

1

In October 2004, Plaintiff's doctor reported that she was released to return to duty contingent upon the results of a fitness evaluation. Doc. 37-32 at 3. The police department scheduled five evaluations with three different doctors between October 2004 and February 2005; Plaintiff either failed to appear or refused to cooperate with the examiners. Doc. 37-32 at 3. Subsequently, Plaintiff was charged with insubordination, placed on unapproved leave, and officially terminated by the City on August 30, 2005. Doc. 37-32 at 3.

In November 2004, Plaintiff filed the first of four employment-related lawsuits. Doc. 37-32 at 3. In the first case, filed in this Court, *Cooper v. City of Dallas* No. 3:04-CV-2407-N (N.D. Tex.), she alleged race, gender, and religious discrimination; hostile work environment; and retaliation. Doc. 37-32 at 4. In February 2005, Plaintiff filed suit in state court, *Cooper v. City of Dallas*, No. 3:05-1690-I, 162nd District Court of Dallas County, seeking a review of the aforementioned administrative decision reinstating her without back pay and benefits, and alleging that she was denied a fitness evaluation by the physician of her own choice. Doc. 37-32 at 4. On March 6, 2006, the state court upheld the administrative decision on a substantial evidence review and denied all other relief requested by Plaintiff. Doc. 37-29; Doc. 37-32 at 4. While her two lawsuits were pending, Plaintiff filed a second case in this Court, *Cooper v. City of Dallas* (*Cooper III*), No. 3:06-CV-1794-N (N.D. Tex.), challenging her August 30, 2005 termination. Doc. 37-32 at 4.

The Court consolidated the two federal actions and ordered Plaintiff to file an amended complaint asserting all claims and causes of action she intended to assert. Doc. 37-32 at 4. The amended complaint asserted a variety of claims dating as far back as October 2000, including: (1) race, gender, religious, and disability discrimination; (2) sexual harassment and retaliation; (3) violations of the Family Medical Leave Act with regard to her firing; and (4) violations of the

2

United States Constitution, the Texas Constitution, and the Dallas City Charter. Doc. 37-32 at 4–5. The Court ultimately determined that all of the claims asserted by Plaintiff were barred by res judicata because they could have been asserted in the state case, for which there was a final judgment, Doc. 37-32 at 9–10, and granted the defendants' motion for summary judgment. Doc. 37-32 at 1, aff'd *Cooper v. City of Dallas*, 402 F. App'x 891 (5th Cir. 2010) (per curiam).

While Plaintiff's first federal lawsuit and state lawsuit were still pending, she appealed her termination to the Dallas City Manager, who denied her claim. Doc. 1 at 27. She timely appealed the City Manager's decision; however, due to a number of continuances, her civil service administrative hearing did not commence until December 5, 2011. Doc. 1 at 27. On February 16, 2012, the administrative law judge upheld the City Manager's decision affirming Plaintiff's termination. Doc. 1 at 28–29.

Plaintiff, proceeding now without the assistance of counsel, filed the instant lawsuit in state court on February 25, 2013, which Defendants removed to this Court. Doc. 1 at 1, 14. In it, Plaintiff appeals the administrative law judge's decision upholding her 2005 termination, arguing that the ALJ's decision is not entitled to deferential treatment and requesting "a trial de novo." Doc. 1 at 16. As best the Court can decipher, Plaintiff additionally alleges violations of her right to due process, the Fair Labor Standards Act (FLSA) and the Health Insurance Portability and Accountability Act (HIPPA), as well as fraud, libel, and slander. Doc. 1 at 16–19.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where, as here, a party seeks summary judgment on an affirmative defense, the movant must establish "beyond peradventure *all* of the essential elements of the . . . defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. See *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Id*. However, Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the non-movant's opposition to the motion for summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458.

## III.  DISCUSSION

### A.  Civil Rights, FLSA, HIPPA, and Tort Claims

As with the prior federal suit, Defendants argue that Plaintiff's current claims are barred by res judicata because there was a final judgment on the merits in her 2005 state court action, the parties in that action are identical or in privity to the parties in the current action, and this suit alleges claims that were raised or could have been raised in the earlier state case. Doc. 35 at 13–14. Defendant contends that both lawsuits involve claims related to Plaintiff's employment with the City, and arise from the same set of operative facts. Doc. 35 at 15. Plaintiff contends this suit is not barred by res judicata because the administrative process regarding her termination was not exhausted until 2012, thus, she could not have raised related to her termination in her previously-filed lawsuits. Doc. 43 at 3. However, Plaintiff fails to address whether her other claims are barred by res judicata.

The rule of res judicata, or claim preclusion, "bars litigation of claims that either have been litigated or could have been raised in an earlier suit." *Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). When a federal court is asked to give preclusive effect to a state court judgment, the court applies state res judicata principles. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). Texas uses a transactional approach, and as the Supreme Court of Texas has explained, "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) (citing RESTATEMENT OF JUDGMENTS § 24(1)). A judgment is entitled to preclusive effect where:

   (1)  there is a prior final judgment on the merits by a court of competent jurisdiction;

   (2)  the parties in the two actions are identical or in privity with each other; and

5

      (3)   the second action is based on the same claims that were raised, or could have been raised, in the first action.

*Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

Here, there is no question that the first two prongs are satisfied. The state court's March 6, 2006 judgment is a final judgment on the merits by a court of competent jurisdiction, having been affirmed on direct appeal and the Texas Supreme Court subsequently denying petition for review. *Cooper v. City of Dallas*, 229 S.W.3d 860 (Tex. App.—Dallas 2007, pet. denied). Moreover, Plaintiff does not contest that the parties are in privity, thus, the Court again concludes that Owens, also a defendant in Plaintiff's previous federal lawsuit, is in privity with the City of Dallas. *See* 2008 WL 3380554 at *4 ("Plaintiff tacitly concedes that the parties in [the state action] and the consolidated federal action are identical or in privity with one another").

As to the third prong, Plaintiff alleges in her complaint that the actions and omissions of Defendants have resulted in violations of her due process rights and of other federal statutes. Specifically, she contends that: (1) Defendants required Plaintiff to work without pay on six occasions from November 2004 to June 2005 in violation of the FLSA; (2) Defendants denied Plaintiff of 11 years of earning capacity and access to the Civil Service Board process of hearing her grievances, which has resulted in a violation of due process; (3) Defendants violated HIPPA by ordering her to turnover medical information in connection with her examinations in 2004 and 2005; (4) Owens lied in the Internal Affairs Division ("IAD") report that resulted in her 2005 termination; and (5) Defendants distributed the false IAD report outside of the Dallas Police Department. Doc. 1 at 16–19.

While Plaintiff's claims in this action may differ slightly from her earlier claims, the relevant query remains whether they "arise out of the same subject matter and . . . *could have been litigated* in the prior action." See Heard v. Moore, 101 S.W.3d 726, 728 (Tex. App.—Texarkana 2003) (emphasis in original).  Here, the answer is yes.  Upon careful and deferential review, each claim alleged in the instant action, save for the appeal of the administrative decision upholding Plaintiff's termination, is *ante* to, and arises out of, the same subject matter as Plaintiff's previous state and federal actions — the conditions of her employment with the City and her ultimate firing.  See Moreno v. Irons, No. 05-99-01296-CV, 2000 WL 463728 at *3 (Tex. App.—Dallas 2000)) ("The two lawsuits at issue involve the same causes of action because they both arise out of the termination of appellants' employment . . . and the reasons behind their termination — the same nucleus of operative facts."); *accord* Cooper, 2008 WL 3380554 at *6. Accordingly, the doctrine of res judicata precludes all of Plaintiff claims except her appeal of the administrative decision upholding her termination, and Defendants' motion should be granted to this extent.  Plaintiff's right to due process, civil rights, FLSA, HIPPA, and tort claims should be dismissed with prejudice.

**B.  Appeal from the Administrative Proceeding[1]**

Plaintiff's remaining claim is the appeal of a municipal administrative decision.  *See* Nelson v. City of Dallas, 278 S.W.3d 90, 95 (Tex. App.—Dallas 2009) (substantial evidence review is available to city employees who wish to appeal an administrative decision to the state district court) (citing DALLAS CITY CHARTER ch. XVI, § 12(b); DALLAS CITY CODE § 34–

---

[1] Because it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state claim, Defendant's other arguments for dismissal are not reached.  In any event, it would appear that the state court it is a better position to determine if, as Defendants contend, the Dallas City Code requirement that Plaintiff provide the record of the administrative proceeding to the reviewing court or her claim be dismissed is absolute when, as Plaintiff avers, she simply cannot afford to do so.  Doc. 35 at 8-9; Doc 43 at 2; Doc. 45 at 6.

40(f)(2)(A)).  A district court may decline to exercise supplemental jurisdiction over a claim under state law if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  As a general rule, courts "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial."  *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999); *see also Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state law claims").  In deciding whether to continue to exercise supplemental jurisdiction over remaining state claims, courts consider the statutory provisions of 28 U.S.C. § 1367(c), as well as "the balance of the relevant factors of judicial economy, convenience, fairness, and comity."  *Id.* at 350–51.  No single factor is dispositive.  *Id.*

Here, the balance of factors points "toward declining to exercise jurisdiction" over Plaintiff's remaining state law claim, since neither judicial economy, convenience, fairness, nor comity justify retaining jurisdiction.  *Cohill*, 484 U.S. at 350 & n.7.  Accordingly, Plaintiff's appeal of the administrative decision upholding her termination should be remanded to state court.

### IV.   CONCLUSION

For the foregoing reasons, the Court recommends that Defendant's *Motion for Summary Judgment* [Doc. 34] be **GRANTED** as to Plaintiff's constitutional, civil rights, FLSA, HIPPA, and tort claims, and **DENIED WITHOUT PREJUDICE** as to Plaintiff's appeal of the administrative decision upholding her firing, which should be **REMANDED** to the 14th District Court of Dallas County, Texas.

**SO RECOMMENDED** on August 14, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE