**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TERESA WARD COOPER,** § | |
| Plaintiff, § | |
| § | |
| *v.* § | **Civil Action No. 3:13-CV-1330-N-BK** |
| § | |
| **CITY OF DALLAS and** § | |
| **KIMBERLY OWENS, individually and** § | |
| **in her official capacity,** § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Judge's *Order of Reference*, Doc. 76, this cause is before the Court for a ruling on Plaintiff's *Motion to Reinstate, Motion for Rehearing, Motion to Alter or Amend Judgment, and Amend or Make Additional Findings*, Doc. 70, and *Motion for Sanctions*, Doc. 73. For the reasons that follow, it is recommended that the motions be **DENIED**.

The factual and procedural background of this case are set forth in the previously issued *Findings, Conclusions, and Recommendation*, Doc. 60, and need not be recounted here. Plaintiff requests that the Court reconsider its decision dismissing most of her claims and remanding her administrative appeal to state court, arguing that (1) *res judicata* does not apply because a trial on the merits never occurred as to her non-administrative claims; (2) the administrative record maintained by the City is incomplete; and (3) the Court may not dismiss Plaintiff's state tort claims while remanding the administrative appeal to state court. Doc. 70 at 1, 3-4. Plaintiff also requests sanctions against Defendants for maintaining that a trial on the merits occurred when, in fact, no such trial occurred because the City argued in state court that only Plaintiff's administrative appeal could be considered, not her other claims. Doc. 73 at 2-3.

"The Court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Choice Hotels Int'l Inc. v. Goldmark Hospitality LLC*, No. 12-CV-0548, 2014 WL 642738 at *1 (N.D. Tex. 2014) (Fitzwater, C.J.) (citations omitted). That notwithstanding, a motion for reconsideration is not intended to allow for rehashing of old arguments or the presentation of new theories, and the decision whether to grant is firmly entrusted to the discretion of the court. *Dos Santos v. Bell Helicopter Textron Inc.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.) (citations omitted).

Plaintiff presents no new arguments to justify reconsideration. In most instances, she merely reiterates her objections to the magistrate judge's *Findings, Conclusions, and Recommendation* that were previously rejected by District Judge Godbey upon de novo review. Doc. 60; Doc. 68. Nevertheless, Plaintiff's bases for reconsideration are without merit.

First, though she contends that a trial on the merits never occurred as to her non-administrative claims, Doc. 70 at 2-3, Plaintiff apparently misunderstands that the doctrine of *res judicata* encompasses claims that she *could* have brought in the prior suit, regardless of whether or not she did. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (noting that *res judicata* bars claims that "could have been raised in an earlier suit"). Second, Plaintiff's arguments regarding the incompleteness of the administrative record as maintained by the City are not foreclosed by the Court's judgment and, thus, may be properly addressed by the state court. Third, while Plaintiff is correct that, generally, courts decline to exercise jurisdiction over pendent state claims when all federal claims are dismissed, Doc. 71 at 5, "this rule is neither mandatory nor absolute." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). Indeed, a district court can abuse its discretion in refusing to retain jurisdiction over state law claims that can be readily and routinely resolved by the court. *Id.* Here, no complex legal

analysis was necessary to conclude once again that Plaintiff was barred from re-litigating her state law tort claims by *res judicata*. Thus, Plaintiff has failed to articulate any deficiency in the Court's judgment warranting reconsideration. Plaintiff's motion for sanctions fails for the same reasons.

Accordingly, both Plaintiff's *Motion to Reinstate, Motion for Rehearing, Motion to Alter or Amend Judgment, and Amend or Make Additional Findings*, Doc. 70, and *Motion for Sanctions*, Doc. 73, should be **DENIED**.

**SO RECOMMENDED** on February 25, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE